UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BHOJA BASNET,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MERRICK GARLAND, in his official capacity as United States Attorney General; ALEJANDRO MAYORKAS, in his official capacity as United States Department of Homeland Security Secretary; TRACY RENAUD, in her official capacity As Acting Director of United States Citizenship and Immigration Services; GREGORY RICHARDSON, in his official capacity as United States Citizenship and Immigration Services Texas Service Center Director; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendants. | Case No. 3:21-cv-1286 |

**PETITION FOR A WRIT OF MANDAMUS**

Petitioner Bhoja Basnet ("Petitioner"), by and through the undersigned attorneys, brings this Petition for a Writ of Mandamus for injunctive and declaratory relief to compel Defendants to forward an approved I-140, Immigrant Petition For Alien Work ("I-140 Petition") to the National Visa Center ("NVC"). This I-140 was approved on December 30, 2020, and such petitions are generally forwarded to NVC within two to three weeks. Yet, despite repeated requests to U.S. Citizenship and Immigration Services ("USCIS"), the National Visa Center, a USCIS Ombudsman request, and a Congressional Inquiry through the office of Senator Pat Roberts of Kansas, USCIS has still failed to take this extremely simple step. Given the urgent public need for Petitioner to be present in the United States as Wheat Breeding Project Lead for Syngenta, a global leader in crop development, Petitioner has been left with no other choice than to seek recourse from this Court.

This action is brought pursuant to the United States Constitution's Fifth Amendment Due Process Clause, the Mandamus Act (28 U.S.C § 1651), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures act (5 U.S.C. § 551 et seq.). It challenges the unreasonable delay of Defendants in forwarding the I-140 Petition to NVC. Petitioner has been substantially prejudiced by Defendants' failure to duly complete its handling of the I-140 Petition. Petitioner is set to begin an important position in the United States with Syngenta on July 1, 2021 and cannot enter the United States unless the USCIS takes the simple step of forwarding the I-140 Petition to NVC.

## JURISDICTION AND VENUE

1. The court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1361. ("The district courts shall have original jurisdiction of any action in the nature of the mandamus to compel an officer employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C § 1329, 28 U.S.C. § 1331, and 5 U.S.C. § 555(b) in conjunction with the aforementioned statutes.

2. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(e)(1)(A) because this is an action against officers and agencies of the United States which reside in this district, and pursuant to 28 U.S.C. § 1391(e)(1)(B) given that the Texas Service Center in Irving, Texas is the portion of USCIS which adjudicated the I-140 Petition.

## PARTIES

3. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

4. Plaintiff is a citizen of Nepal and currently resides in Texcoco, Mexico. He is a PhD Plant Geneticist with an approved I-140 Petition as an Individual with an Advanced Degree or Exceptional Ability in the National Interest (EB-2 NIW) category.

5. The Defendants Merrick Garland, in his official capacity as United States Attorney General, Alejandro Mayorkas, in his official capacity as United States Department of Homeland Security Secretary, Tracy Renaud, in her official Capacity as Acting Director of United States Citizenship and Immigration Services ("USCIS"), Gregory Richardson, in his official capacity as USCIS Texas Service Center Director, the United States Department of Homeland Security, and the USCIS, are charged by law with the statutory and regulatory obligation to administer the immigration laws of the United States.

## STATEMENT OF FACTS

6. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

7. Petitioner is a thirty nine-year old citizen of Nepal who is a Ph.D. Plant Geneticist. He currently resides in Texcoco, Mexico with his wife and two children, where he works at the International Maize and Wheat Improvement Center.

8. Petitioner had an I-140 Petition under the EB-2 National Interest Waiver category approved on December 30, 2020 by USCIS. As part of being granted this employment based immigration visa, Petitioner had to demonstrate that his employment in the United States would greatly benefit the nation.

9. In this I-140 Petition, Petitioner stated that he intends to apply for a visa at the U.S. Embassy in Kathmandu, Nepal.

10. Petitioner has been prospectively hired by Syngenta to work as a Wheat Breeding Project Lead under Syngenta's Manhattan, Kansas office and is supposed to start this position on July 1, 2021. The start date is important given that the winter wheat crop is due to be harvested shortly and that Petitioner's work for Syngenta will be hampered if he is not in the United States by this date.

11. After an I-140 Petition is approved and its priority date is current, as here, USCIS forwards the Petition to the NVC, who then creates an invoice ID number and case number so that that an individual with an approved petition may complete the process known as "consular processing" to come to the United States.

12. USCIS generally forwards cases to NVC in two to three weeks, and often in even less time.

13. Petitioner and his attorney, Ben Baumgartner, Esq., have made numerous inquiries to USCIS, both Tier 1 and Tier 2 representatives, to request USCIS to forward the petition to NVC. The dates of these inquiries include but are not limited to, March 30, 2021, April 7, 2021, and May 28, 2021. Nothing has come of these inquiries.

14. Petitioner and his attorney also contacted NVC to ask NVC to reach out to USCIS regarding the matter on March 31, 2021 to no avail.

15. Petitioner and his attorney also contacted the USCIS Ombudsman in an effort to resolve this matter on April 7, 2021 but have to this date not yet had the case forwarded to NVC.

16. Petitioner and his attorney additionally reached out to the office of Kansas Senator Pat Roberts with a congressional inquiry on May 4, 2021. Petitioner and his attorney have been advised that the office contacted the Texas Service Center but this has not been successful in having USCIS forward the case to NVC.

17. The Defendants' inaction in the Petitioner's case has prevented him from entering the United States to perform work of national importance, in addition to causing inordinate amounts of stress and anxiety.

## **CAUSE OF ACTION**

18. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

19. The Mandamus Act grants the Court the authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

20. Pursuant to 5 U.S.C. § 555(b), each agency, including USCIS, "shall proceed to conclude a matter presented to it" "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time."

21. In its failure to forward the I-140 Petition to NVC, USCIS has failed to conclude the matter presented to it.

22. Moreover, USCIS' failure has been for an unreasonable time, given the extremely simple act that USCIS needs to take.

23. Although mandamus cases are generally brought after slightly longer periods of inaction, this is when USCIS has failed to make a decision on an entire application, which is more complex and reasonably involves more time. *See, e.g.*, *Yu v. Brown*, 36 F. Supp. 2d 922 (D.N.M. 1999) (two-and-a-half year delay in adjudicating adjustment of status application unreasonable); *Agbemaple v. INS,* No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998) (finding dismissal of mandamus petition inappropriate because a 20-month delay in deciding an adjustment of status application could be found to be unreasonable).

24.  Here, USCIS has already completed the time-consuming portion of the matter—deciding whether or not to approve the I-140. All that remains is the simple procedural step of forwarding the approved I-140 Petition to NVC. Accordingly, six months is an unreasonable period of time to wait. This is especially true given that the general time frame for such action is two to three weeks, and it regularly occurs in less than a week even.

25.  USCIS' failure to forward Petitioner's approved I-140 is without excuse and has entirely prevented Petitioner from entering the United States to perform work of national importance. USCIS' delay puts the ability of Petitioner to enter by July 1, 2021 in severe jeopardy, which will negatively affect Syngenta in its important food security work.

26.  Petitioner has tried on numerous occasions to resolve this matter without recourse to the Court, but can wait no longer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in favor of him and against the Defendant as follows:

a.  Compel the Defendants and those acting under them to take all appropriate action to forward the approved I-140 Petition to the NVC without further delay; and

b.  Grant such other and further relief as this Court deems proper.

Dated:  June 4, 2021

                                        Respectfully submitted,

/s/ *Jered Dobbs*
Jered Dobbs, *Local Counsel*
The Law Office of Jered Dobbs, PLLC
7929 Brookriver Dr., Suite 640
Dallas, Texas 75427
Tel. (972) 855-8267
jdobbs@dobbsimmigration.com

/s/ *Ben Baumgartner*

Ben Baumgartner, *Pro Hac Vice*
Baumgartner Law Office
500 N. Main St., Suite 152
Newton, KS 67114
Tel. (316) 613-1621
ben@baumgartnerlawoffice.com

*Attorneys for Petitioner*

# TABLE OF EXHIBITS

**EXHIBIT A:** I-140 Petition Approval Notice

**EXHIBIT B:** Syngenta Letter

## CERTIFICATE OF SERVICE

I, Ben Baumgartner, the undersigned, hereby declare under penalty of perjury under the laws of the United States of America that the following statements are true:

I am over the age of eighteen years. On June 4, 2021, I served the within Petition for Writ of Mandamus by United States Postal Service First Class Certified Mail to each person listed below addressed as follows:

Merrick Garland, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530-0001

Alejandro Mayorkas, Secretary
U.S. Department of Homeland Security
3801 Nebraska Ave, NW
Washington, DC 20016

Tracy Renaud, Acting Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

Gregory Richardson, Texas Service Center Director
U.S. Citizenship and Immigration Services
6046 N Belt Line Rd
Irving, TX 75038

U.S. Department of Homeland Security
3801 Nebraska Ave, NW
Washington, DC 20016

U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

United States Attorney for the Northern District of Texas
U.S. Attorney's Office
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699


/s/_____
Ben Baumgartner
Dated: June 4, 2021